# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| JONATHAN BOYD, | * |
| Plaintiff, | * |
| v. | *    CASE NO. 4:08-CV-59 (CDL) |
| | *          42 U.S.C. § 1983 |
| DAVID ADELMAN, *et al*, | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

Plaintiff Boyd has filed a pro se civil rights complaint under 42 U.S.C. § 1983 on May 13, 2008, and paid the full filing fee. Thereafter, on July 10, 2008, before any Defendants were served with the complaint, Plaintiff filed a Motion for Abeyance, wherein he moved the court to stay his case until he exhausts his administrative remedies by filing and receiving a final order of a state habeas corpus petition. (R-9).

## DISCUSSION

Plaintiff's complaint contends that he was wrongfully convicted of child molestation, sexual exploitation of a child, and invasion of privacy. (R-1). Plaintiff asserts in his Complaint that the Defendants fraudulently obtained a conviction against him. *Id.* Plaintiff seeks release from custody, to have the charges dropped, his rights as a citizen restored, and the conviction removed from his records. *Id* at 12. He further seeks compensatory and punitive damages from each Defendant. *Id.*

It must first be noted that Plaintiff has filed this action against two "John Doe"

Defendants; the court reporter and a bailiff. (R-1). Courts have held, however, that there is no provision in the Federal Rules of Civil Procedure for fictitious party pleading. *See, Weeks v. Benton,* 649 F.Supp. 1297, 1298-99 (S.D.Ala.1986). As such, the practice of naming unknown parties is not allowed. Therefore, any and all claims made against any "John Doe" Defendants should be stricken from Plaintiff's complaint.

## **Preliminary Review of Complaint**

Pursuant to 28 U.S.C. § 1915A (1996):

> (a) The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of a complaint, if the complaint —
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

A review of Plaintiff's complaint reveals that he is attempting to attack the validity of his conviction. Plaintiff's § 1983 action is, therefore, barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

2

determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id.* at 487. When a § 1983 prisoner seeks damages, the district court must determine whether a judgment in favor of the plaintiff would necessarily render the conviction or sentence invalid.

In his complaint, the contentions alleged by Plaintiff, if proved, would invalidate his state criminal proceeding. As Plaintiff has not demonstrated that his sentence has been reversed, expunged, invalidated, or called into question by a writ of habeas corpus pursuant to a State habeas corpus action, he fails to state a cause of action upon which this court may grant relief. *Heck,* 512 U.S. at 487, 114 S.Ct. at 2372.

Plaintiff cites no precedent which would give this court authority to grant the relief he seeks. Moreover, the Unitied States Supreme Court in *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584 (1997), citing *Heck*, ruled:

> We reemphasize that § 1983 contains no judicially imposed exhaustion requirement; absent some other bar to the suit, *a claim either is cognizable under § 1983 and should immediately go forward, or is not cog*

(emphasis in original), *Id.* at 648, 117 S.Ct. At 1589.

**WHEREFORE, IT IS RECOMMENDED** that Plaintiff's Motion for Abeyance be **DENIED**, and further, that Plaintiff's Complaint be **DISMISSED** without prejudice, pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), to allow Plaintiff to re-file if and when a final disposition of his criminal proceedings should be resolved in his favor. Under 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this

3

recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 4th Day of September, 2008.

                                S/ G. MALLON FAIRCLOTH
                                UNITED STATES MAGISTRATE JUDGE